GEORGE HUTSON AND ROBERT HUTSON, APPELLANTS, *v.* LEON C. WELD, RESPONDENT.

*Order for the examination of a judgment debtor — Code of Civil Procedure, sec. 2436 — the regularity of the issue of the execution must be shown — also a demand upon the debtor and a refusal by him to apply the property.*

An affidavit used to obtain an order, as provided in section 2436 of the Code of Civil Procedure, requiring a judgment debtor to appear and be examined as to property alleged to be held by him which he unjustly refuses to apply towards the satisfaction of the judgment is defective if it fails to show that the execution was issued within the five years allowed by section 1375 of the said Code, or, if after the expiration of five years, that an execution had been issued within that time or that the present execution was issued pursuant to the order of the court granted under section 1377 of the said Code.

Such affidavit is also defective if it fails to state that a demand for the application of the property to the payment of the judgment has been made upon, and refused by the judgment debtor.

*First National Bank* v. *Wilson* (13 Hun, 232) followed.

APPEAL from an order made at Special Term dismissing proceedings for the examination of a judgment debtor.

*James McKeen,* for the appellants.

*H. C. Place,* for the respondent.

BRADY, J.:

The proceedings for the examination of the defendant, a judgment debtor, are based upon the provisions of section 2436 of the Code, which declare that at any time after the issue of an execution against property, as prescribed in section 2458 and before its return, the judgment creditor, upon proof by affidavit or other competent written evidence that the judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment, is entitled to an order requiring him to attend and be examined concerning his property.

The affidavit upon which the order for the debtor's examination was obtained alleged that the judgment was rendered on the 23d of December, 1874; that an execution had been issued and returned; that the judgment was rendered upon personal service of the summons upon the defendant; that the judgment-roll was filed in New York county, and that the debtor had there a place for the regular transaction of business; and further that the deponent was

informed and believed that the defendant had property which he unjustly refused to apply toward the satisfaction of the judgment. There is no allegation of any demand made upon him for that purpose.

There can be no doubt that the affidavit is defective. It is so because it does not appear that the execution outstanding was issued within the five years allowed by the statute for that purpose after judgment (sec. 1375), or, if after the expiration of the five years, under such circumstances as justified that ceremony, namely, that an execution had been issued within five years after the entry of the judgment and had been returned wholly or partly unsatisfied or unexecuted, or an order of the court granting leave to issue the execution after the expiration of five years. (Sec. 1377.) And it cannot well be doubted either that the affidavit was deficient in failing to show that a demand was made of the property which it was alleged was unjustly withheld by the debtor.

Under a corresponding provision (sec. 292 of the former Code) it was held to be necessary to show that a demand for the application of the property to the payment of the judgment had been made of, and refused by the judgment debtor. (*First Nat. Bank* v. *Wilson*, 13 Hun, 232.) The order vacating the order appealed from, therefore, was properly entered.

The appellant contends that no costs should have been imposed, even if the order was improvidently granted, because, by the provisions of sections 2455 and 2456 costs cannot, in a proceeding of this kind, be awarded to the judgment debtor, unless he has been examined and property applicable to the payment of the judgment has not been discovered. These provisions relate to costs in the proceeding and have no application whatever to the costs of a motion to dismiss it. There is no provision in the Code which interferes with the right of the court, in a matter of this kind, to impose costs of a motion to dismiss it before any examination has taken place under its terms.

For these reasons we think the order appealed from should in all respects be affirmed, with ten dollars costs and the disbursements of the appeal.

Davis, P. J., and Daniels, J., concurred.

Order affirmed, with ten dollars costs and disbursements.